UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Mario West**, <br><br> Plaintiff, <br><br> v. <br><br> **Vine Beverage & Catering, Inc.**, an Ohio Corporation, **Michael LaMalfa**, **Loretta Lamalfa**, and **Martin LaMalfa**, <br><br> Defendants. | No. <br><br> **COMPLAINT** |

Plaintiff, Mario West ("Plaintiff"), sues the Defendants, Vine Beverage & Catering, Inc., Michael LaMalfa, Loretta LaMalfa, and Martin LaMalfa ("Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; Ohio Revised Code Ann. ("ORC") § 4111.01; and ORC § 4113.15 for Defendants' failure to pay Plaintiff all earned minimum wages and all earned wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. ORC § 4111.01 establishes the law regarding minimum wage within the State of Ohio.

-1-

4. ORC § 4113.15 establishes the law regarding the payment of wages within the State of Ohio.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all material times, Plaintiff is an individual residing in Lake County, Ohio, and is a former employee of Defendants.

8. At all material times, Defendant Vine Beverage & Catering, Inc. is a corporation licensed to transact business in the State of Ohio. At all material times, Defendant Vine Beverage & Catering, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Lake County, Ohio.

9. At all material times, Defendant Vine Beverage & Catering, Inc. does business as "LaMalfa."

10. At all relevant times, Defendant Vine Beverage & Catering, Inc. was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Vine Beverage & Catering, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest Vine Beverage & Catering, Inc. in relation to the company's employees, Defendant Vine Beverage & Catering, Inc. is subject to liability under the FLSA.

11. Defendant Michael LaMalfa is an owner of Vine Beverage & Catering, Inc. and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendant Michael LaMalfa is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Michael LaMalfa is an owner of v, Inc. At all relevant times, Michael LaMalfa had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Michael LaMalfa is subject to individual liability under the FLSA.

13. Defendant Loretta LaMalfa is an owner of Vine Beverage & Catering, Inc. and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

14. Under the FLSA, Defendant Loretta LaMalfa is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation

to an employee. Defendant Loretta LaMalfa is an owner of v, Inc. At all relevant times, Loretta LaMalfa had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Loretta LaMalfa is subject to individual liability under the FLSA.

15. Defendant Martin LaMalfa is an owner of Vine Beverage & Catering, Inc. and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

16. Under the FLSA, Defendant Martin LaMalfa is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Martin LaMalfa is an owner of v, Inc. At all relevant times, Martin LaMalfa had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Martin LaMalfa is subject to individual liability under the FLSA.

17. At all material times, Defendants Vine Beverage & Catering, Inc., Michael LaMalfa, Loretta LaMalfa, and Martin LaMalfa are Plaintiff's "employer" as defined by Ohio Revised Code § 4111, *et seq*.

18. At all material times, Defendants Vine Beverage & Catering, Inc., Michael LaMalfa, Loretta LaMalfa, and Martin LaMalfa are Plaintiff's "employer" as defined by Ohio Revised Code § 4113, *et seq*.

19. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

20. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

21. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

22. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

23. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

24. Defendant owns and/or operates as Vine Beverage & Catering, Inc., an enterprise located in Lake County, Ohio.

25. Plaintiff was hired by Defendants and worked for Defendants as a supervisor from approximately December 2015 through approximately December 2020.

26. At all relevant times, Plaintiff's job duties included, but were not limited to, supervising employees in preparing, carrying out, and cleaning up catering events and banquets.

27. Defendants, in their sole discretion, agreed to pay Plaintiff $15.00 per hour for all hours he worked.

28. Plaintiff worked for approximately five years for Defendants.

29. During the final workweek of Plaintiff's employment with Defendants, he worked approximately 35 hours.

30. Defendants paid Plaintiff no wages whatsoever for the final two workweeks of his employment.

31. As a result of not having paid any wage whatsoever to Plaintiff for the final tow workweeks of his employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

32. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

33. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated ORC § 4111.

34. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated ORC § 4113.

35. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

36. Defendants have and continue to violate ORC § 4111 by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

37. Defendants have and continue to violate the ORC § 4113 by not paying Plaintiff any wage whatsoever for all hours worked during his regular workweeks.

38. Plaintiff is a covered employee within the meaning of the FLSA.

39. Plaintiff is a covered employee within the meaning of ORC § 4111.

40. Plaintiff is a covered employee within the meaning of ORC § 4113.

41. Plaintiff was a non-exempt employee.

42. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

43. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

44. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

45. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under §34(a) of Article II of the Ohio Constitution.

46. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under ORC § 4113.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

47. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two workweeks of his employment.

49. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

50. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Mario West, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: OHIO REVISED CODE § 4111.01
### FAILURE TO PAY MINIMUM WAGE

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two workweeks of his employment.

53. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates ORC § 4111.01.

54. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Mario West, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid minimum wages, prejudgment and

post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT THREE: OHIO REVISED CODE § 4113
### FAILURE TO PAY WAGES OWED

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two workweeks of his employment.

57. Defendants' practice of willfully failing to pay Plaintiff wages for labor performed violates ORC § 4113.

58. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Mario West, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 29th day of May, 2020.

        BENDAU & BENDAU PLLC

        By: /s/ *Clifford P. Bendau, II*
        Clifford P. Bendau, II (OH No. 0089601)
        Christopher J. Bendau
        BENDAU & BENDAU PLLC
        P.O. Box 97066
        Phoenix, Arizona 85060
        Telephone AZ: (480) 382-5176
        Email: cliffordbendau@bendaulaw.com
              chris@bendaulaw.com


        THE LAW OFFICES OF SIMON & SIMON

        By: /s/ *James L. Simon*
        James L. Simon (OH No. 0089483)
        6000 Freedom Square Dr.
        Independence, OH 44131
        Telephone: (216) 525-8890
        Facsimile: (216) 642-5814
        Email: jameslsimonlaw@yahoo.com